Modified.

27 C.C.P.A. (Patents)

## LEVER BROS. CO. v. BUTLER MFG. CO.

### Patent Appeals No. 4281.

Court of Customs and Patent Appeals.

May 29, 1940.

Spencer A. Studwell and Harry A. English, both of New York City, for appellant.

Thomas E. Scofield, of Kansas City, Mo. (Henry L. Shenier, of Kansas City, Mo., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition, and holding that appellee was entitled to register its trade-mark "Lustrlux" for use on dry cleaning apparatus.

It appears from the record that appellee's trade-mark has been used by it in interstate commerce on its dry cleaning machines since April 14, 1933; that, in addition to dry cleaning apparatus, appellee manufactures such steel products as "filters, stills, truck tanks, steel buildings, coal stokers, hair driers, and other metal products"; that its dry cleaning machines are sold directly to concerns operating dry cleaning establishments, where the machines are used for dry cleaning clothing and other articles; that appellee's dry cleaning machines are manufactured in five different sizes, and are sold at five different prices (the smallest being about 5 feet wide, 9 feet long, and 8 feet high, weighing about 4,600 pounds, and selling for approximately

$4,500, and the largest being more than 8 feet wide, 13 feet long, and 9 feet high, weighing about 14,900 pounds, and selling for approximately $15,000); that appellee's dry cleaning machines are constructed of monel metal and nickel, and are "designed exclusively" for the use therein of "synthetic solvents," such as "carbon tetrachloride," "tetrachlorethane," and "perchloroethylene"; and that soap and soap flakes, such as manufactured by appellant, cannot be used therein.

It appears from the record that appellant is the owner of the following trademark registrations: No. 35,228, registered October 9, 1900 on an application filed August 22, 1900, for the trade-mark "Lux" for use on "Laundry Soap, Dry and Toilet Soaps, Soap Powder, and Detergents"; No. 59,032, issued January 1, 1907 on an application filed August 2, 1905, for the trade-mark "Lux" for use on soap and soap powder; and No. 170,676, issued July 17, 1923 on an application filed October 24, 1922, for a composite trade-mark, the dominant feature of which is the term "Lux," for use on soap and soap powder. It further appears from the record that appellant's soaps are used for toilet purposes, and in households and laundries for laundering fine fabrics, such as silks, woolens, and rayons, and that appellant has expended more than $60,000,000 in advertising and popularizing its trade-mark "Lux" and its goods. (The details of appellant's advertising need not be stated here. It is sufficient to say that appellant's goods and its "Lux" trade-mark are well known throughout the United States.)

The Examiner of Trade-mark Interferences and the Commissioner of Patents concurred in holding that the goods of the respective parties do not possess the same descriptive properties, and that, therefore, appellee was entitled to register its mark.

It is contended here by counsel for appellant that, in addition to the dry cleaning apparatus produced by appellee, small combination washing and dry cleaning machines for use in the household are now on the market and are being sold for as little as $7.50; that appellee would have the right in the natural extension of its business, if it secures the registration of its trade-mark "Lustrlux," to manufacture and sell combined washing and dry cleaning apparatus for use in the household under such trade-mark; that such machines would be used for laundry purposes conjointly with appellant's soap or soap flakes; that appellee has appropriated appellant's entire mark; that the goods of the respective parties possess the same descriptive properties; and that, considering the similarity of the marks, confusion in trade is likely to result if the marks of the parties are used concurrently.

It appears from the record, as argued by counsel for appellant, that combination washing and dry cleaning machines are on the market and are being sold for use in households. However, such machines, in our opinion, do not come within the meaning of the term "dry cleaning apparatus," as used in appellee's application for the registration of its trade-mark "Lustrlux." Furthermore, although appellee might, in the natural extension of its business, manufacture dry cleaning apparatus for use in the household and sell it under its trade-mark "Lustrlux," we are of opinion, nevertheless, that dry cleaning apparatus and soap (whether in cake, powder, or flake form) are not goods of the same descriptive properties.

Counsel for appellant rely here to some extent upon our decision in the case of Kotex Co. v. Clarence M. McArthur, 45 F.2d 256, 257, 18 C.C.P.A., Patents, 787, wherein it was held that, owing to the fact that the goods of the respective parties there involved were sold in the same stores and to the same class of people for hygienic purposes, and were "closely associated and related, not only in use, but in the minds of those enjoying the comforts and beneficial results produced by them," they were goods of the same descriptive properties. Obviously, our decision in that case does not warrant a holding that dry cleaning apparatus possesses the same descriptive properties as soap.

It is true, as argued by counsel for appellant, that, within the purview of section 5 of the Trade-mark Act of February 20, 1905, 15 U.S.C.A. § 85, goods having entirely different physical characteristics may possess the same descriptive properties. See Kotex Co. v. Clarence M. McArthur, supra, and Cluett, Peabody & Co., Inc. v. Samuel Hartogensis, 41 F.2d 94, 17 C.C.P.A., Patents, 1166, also relied upon here by counsel for appellant.

In the latter case it was held that collar buttons and collars possess the same descriptive properties. The distinction be-

tween the issues in that case, however, and the issues in the instant case is so obvious as to require no discussion.

It is further contended by counsel for appellant that it appears from the evidence of record that "advertisements furnished by appellee and used by the purchasers of its apparatus do in fact lead the public to associate appellee's 'Lustr lux' system of cleaning with 'Lux.'"

It appears from the testimony of appellant's witness John G. McDonald, the proprietor of a "direct mail advertising firm," that, pursuant to appellant's instructions, he selected the names of 500 housewives from each of 10 different cities, and addressed a communication (introduced in evidence over the objection of counsel for appellee as appellant's exhibit 34) to them, in which communication was included an advertisement of the White Laundry & Dry Cleaning Company of New York (apparently an owner of one of the dry cleaning machines manufactured by appellee), and two questions hereinafter set forth. The advertisement included, among other things, the term "Lustrlux," and an explanation of the advantages obtained by the use of the "Lustrlux System" and "Lustrlux solvent" in that concern's dry cleaning operations. The questions submitted in the communication read:

"1. Does this advertisement make you think that this system of cleaning is sponsored by the maker of any product you know of? (Please check) Yes——— No———

"2. (If the answer is 'Yes') What product do you think of as being connected with this system?"

It appears from the record that of the 5,000 housewives to whom the communication was addressed, 258 replied thereto, and that to the first question propounded, 201 of the 258 answered "yes" and 57 answered "no"; that of the 201 who answered "yes" to the first question, 171 mentioned "Lux" in answering the second question, and 30 referred to products other than "Lux."

Counsel for appellee not only objected to the introduction of that exhibit, but also to the testimony relative to the answers received in reply to the questions appearing thereon, and here contend that all of that evidence is incompetent for several reasons which need not be stated here.

The issue in this case is not whether the advertisement, hereinbefore referred to, caused a few housewives to think that the "Lustrlux system of cleaning" was sponsored by the manufacturer of "Lux" soaps, but rather whether a trade-mark use by appellee of the term "Lustrlux" on its dry cleaning apparatus would be likely to cause the purchasing public to believe that appellee's dry cleaning apparatus and appellant's "Lux" soaps have the same origin.

We have carefully considered other arguments presented here by counsel for appellant in support of their contention that appellee's dry cleaning apparatus and appellant's soaps possess the same descriptive properties within the purview of section 5, supra, and that confusion in trade is likely to result by the concurrent use of the trademarks of the respective parties on their goods, but are of opinion that the goods of the respective parties do not possess the same descriptive properties, and that appellee is entitled to have its mark registered.

The decision of the Commissioner of Patents is affirmed.

Affirmed.